UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NPK, L.L.C. and CLEARY CONDOMINIUM ASSOCIATION, INC.,

                Plaintiffs,

-against-

MT HAWLEY INSURANCE COMPANY,

                Defendant.

Case No. 24-cv-02395 (JLR)

**ORDER OF DISMISSAL**

JENNIFER L. ROCHON, United States District Judge:

      MT Hawley Insurance Company removed this case to federal court on October 18, 2023. ECF No. 1. The case was transferred from the U.S. District Court for the Eastern District of Louisiana to this Court on March 29, 2024. ECF No. 16. That day, the Court ordered the parties to appear for an initial pre-trial conference on May 15, 2024 and to submit a joint letter and proposed case management plan no later than ten days before that conference. ECF No. 17. The parties did not submit their required materials by this deadline, or by the deadline that the Court extended on three separate occasions. *See* ECF Nos. 19-21 (extending the parties' deadline to May 15, 2024, then May 21, 2024, then June 10, 2024). In granting its final extension, the Court warned the parties that it would dismiss the case for failure to prosecute if it received no submission from the parties by June 10, 2024. *See* ECF No. 21; *see also* ECF No. 20 (warning the parties that it may dismiss the case for failure to prosecute). Since the Court's order on March 29, 2024, the parties have not filed anything on the docket, communicated with the Court, or otherwise indicated the case is proceeding. As of today's date, the plaintiffs have not responded to the Court's orders or otherwise indicated that they intend to pursue this action.

      Federal Rule of Civil Procedure ("Rule") 41(b) provides that a district court may dismiss

an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Courts must consider the following factors when making this determination: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, the plaintiffs have made no effort to prosecute this litigation since the case was transferred to this Court over two months ago. *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (collecting cases where delays of "several months" warranted dismissal). The plaintiffs were given notice on May 28, 2024 that this action would be dismissed if they did not update the Court as to the status of the case, and they did not. ECF No. 21. And while there is no specific evidence on the record that delay will prejudice Defendant, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Andretta v. City of New York*, No. 21-cv-5783 (LJL), 2022 WL 4237125, at *2 (S.D.N.Y. Sept. 14, 2022) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209 (citation omitted). Finally, in light of the plaintiffs' failure to communicate with the Court despite

repeated orders from the Court, no other lesser sanction is suitable at this juncture.

Because the Court has not received any response from the plaintiffs to its May 28, 2024, including any indication that they intend to pursue this case, the instant action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The initial pre-trial conference scheduled for June 14, 2024 is adjourned. The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

Dated: June 11, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge